IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM P. LAW, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Case No. 2:16cv6-WHA |
| UNITED STATES OF AMERICA, ) | (wo) |
| DEPARTMENT OF DEFENSE, and ) | |
| ARMY AND AIR FORCE EXCHANGE ) | |
| SERVICE, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion to Dismiss (Doc. #10), filed by the Defendants, on March 25, 2016.

**I.   FACTS AND PROCEDURAL HISTORY**

The Plaintiff, William P. Law ("Law"), filed a Complaint and an Amended Complaint in this court, bringing claims pursuant to the Uniformed Services Employment and Re-employment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§4301 to 4333.

Law is a United States Air Force Reserve member.   In May 2012, Law began employment with the Army and Air Force Exchange Service ("AAFES") in Montgomery, Alabama as an electrical and environmental specialist.   He received orders to appear in Texas for training in August 2012.   In November 2012, he was notified that he no longer had a job with AAFES.

Law submitted a claim to the Department of Labor.   He then filed suit in this court.

**II.   MOTION TO DISMISS STANDARD**

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence*, 919 F.2d at 1529. Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### III. DISCUSSION

The Defendants, the United States of America, the Department of Defense, and the AAFES, have moved to dismiss the Plaintiff's Complaint on the ground that the Plaintiff failed to exhaust his USSERA claim with the Merit System Protection Board ("MSPB"). The Defendants argue that a plaintiff can proceed directly in federal district court against a private or State employer under the USSERA, but there is a regulatory scheme which must be followed when a plaintiff's claim is against a federal agency. *See* 38 U.S.C. §4324.

The Plaintiff does not dispute that he has not exhausted his claim with the MSPB. The Plaintiff states in his brief that before he filed his Complaint, he submitted his claim to the Department of Labor and was instructed by a person within the Department to pursue the claim in court. (Doc. #14 at p.4). The Plaintiff contends, therefore, that he sufficiently pursued administrative remedies. Alternatively, he asks that the dismissal be done without prejudice so that he can exhaust his claim.

2

Under the United States Code, a person can submit a USERRA complaint against a federal agency to the Secretary of Labor or can submit a complaint directly to the MSPB. 38 U.S.C. §4324. "Section 4324 does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather, it confers jurisdiction upon the Merit Systems Protection Board." *Dew v. United States*, 192 F.3d 366, 372 (2nd Cir. 1999). Decisions of the MSPB are subject to review in the Court of Appeals for the Federal Circuit. *Id.* (citing 38 U.S.C. §4324(d)). Pursuant to a provision of the Code of Federal Regulations cited by the Defendants, under the USERRA, when an appellant receives notice from the Secretary of Labor that the Secretary's efforts have not resolved the complaint, the appellant may file a USERRA appeal with the Board. 5 C.F.R. §1208.11.

To the extent that Law has argued that he was advised incorrectly by someone within the Department of Labor that he could file suit without making his claim before the MSPB, as the Defendants point out, the Supreme Court has held that the United States can only be bound by the mistaken representations of an agent if it is "clear that the representations were within the scope of the agent's authority." *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 420 (1990). That showing has not been made here, so the court cannot conclude that Law's identified representation has satisfied his exhaustion requirement in this case.

The Defendants, however, also state that they do not object to a dismissal so that Law can pursue his administrative remedies, as that is the course which Law should have taken. The court will dismiss the Amended Complaint without prejudice so that Law can pursue his claim before the MSPB.

### IV. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

The Motion to Dismiss (Doc #10) for lack of jurisdiction is GRANTED and the case is dismissed without prejudice for Law to pursue appropriate administrative remedies.

Done this 28th day of April, 2016.

                                                        /s/ W. Harold Albritton  
                                                        W. HAROLD ALBRITTON  
                                                        SENIOR UNITED STATES DISTRICT JUDGE